UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20075-SCOLA

UNITED STATES OF AMERICA

vs.

JIM LUNDI,

    Defendant.
_____/

## UNITED STATES OF AMERICA'S MOTION FOR COURT ORDER APPROVING RESTITUTION AMOUNT

The United States of America, through its undersigned Assistant United States Attorney, files this motion respectfully requesting that the Court set restitution to be paid by the defendant in the total amount of $44,380. The restitution amount is based on the estimated loss suffered by the minor victim (the combined total of her estimated gross proceeds turned over to the defendant and property loss) during the time period that the defendant trafficked her, which is laid out in detail in the sworn loss affidavit that has been separately filed under seal.

### I.    BACKGROUND

On October 21, 2019, the defendant pled guilty to sex trafficking of a minor, in violation of 18 U.S.C. § 1591, after the minor victim testified at trial. The minor victim testified that the defendant sex trafficked her from November 2017 through January 2018 (PSI ¶ 3). The minor victim testified that the defendant set the prices for sexual acts, kept all of the money that she made, and regularly beat her for not making enough money for her sexual acts or for trying to keep some of the money (PSI ¶ 7). The minor victim testified that she usually earned $1,000 a day from engaging in commercial sex acts that she turned over to the defendant. In the defendant's post-*Miranda* statement, he admitted that he provided the minor victim with three boxes of condoms

every day to use when she sex with other men, that he held onto the money she made because he was "better" with managing money, and that he used the money that the minor victim made to purchase items for her such as food, clothing, jewelry, and gave her money to get her hair and nails done (PSI ¶ 12).

After the defendant pled guilty, Federal Bureau of Investigation ("FBI") Special Agent Alex Loff met with the minor victim and obtained a sworn loss affidavit that details the restitution that the minor victim is owed as a result of the defendant's criminal conduct. As set out in the affidavit, the minor victim's loss is substantial. The minor victim is requesting $44,380 in restitution to recover the estimated earnings that she turned over to the defendant, and to replace clothing and a cellphone that the defendant damaged.

## II. LEGAL ANALYSIS

Restitution in this case is required under 18 U.S.C. § 1593, which provides that the defendant shall be directed to pay the victim "the full amount of the victim's losses." *See* 18 U.S.C. § 1593(b)(1). The term "full amount of the victim's losses" includes the greater of the gross income or value to the defendant of the victim's services or labor and any other relevant losses incurred by the victim. 18 U.S.C. §§ 1593(3), 2259(c)(2). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." *See* 18 U.S.C. § 3664(e). In determining the appropriate amount of restitution, the district court may consider hearsay evidence that bears "minimal indicia of reliability" so long as the defendant is given an opportunity to refute that evidence. *See United States v. Bourne,* 130 F.3d 1440, 1447 (11th Cir. 1997).

In the minor victim's sworn loss affidavit, the minor victim sets out an estimate of the amount of money that she earned for the defendant by engaging in commercial sex acts (i.e., an

estimate of the defendant's "gross income") and the estimated cost of a cellphone and clothing that the defendant damaged. At the sentencing hearing, the government will ask the Court to order the requested amount. *See United States v. Cortes-Castro,* 511 Fed. App'x 942, 947 (11th Cir. 2013) (affirming restitution order in sex trafficking prosecution based on amount the defendants made through prostitution of victims).

In requesting the restitution amount, the government will primarily rely on the victim's sworn loss affidavit, the minor victim's trial testimony that she turned over approximately $1,000 a day to the defendant that she had made from engaging in commercial sex acts, and the uncontested facts in the PSI. The Court may base its restitution amounts on this evidence, since it bears minimal indicia of reliability and the defendant, if he chooses, can contest the numbers at the hearing. *See United States v. Baston,* 818 F.3d 651 (11th Cir. 2016) (affirming the district court's decision to rely on the victim's trial testimony in a sex trafficking prosecution for purposes of entering a restitution order, rather than requiring additional live testimony from the victim, despite the defendant's complaint that he did not have a chance to cross-examine the victim on the issue). "District courts have broad discretion in choosing the procedures to employ at a restitution hearing, 'so long as the defendant is given an adequate opportunity to present his position as to matters in dispute.'" *Baston,* 818 F.3d at 665. Here, the Court had the opportunity to evaluate the minor victim's trial testimony about the money that she earned and lost to the defendant. The sworn loss affidavit reiterates the minor victim's testimony that she earned approximately $1,000 a day, which she then turned over to the defendant, and then reaches a total amount based on the approximate number of days that the minor victim worked each week multiplied by the estimated number of weeks that she worked for the defendant multiplied by the $1,000 she earned each day, plus $380 for the cellphone that the defendant broke and clothes that he damaged.

The Court may rely on estimates in fashioning a restitution order in this case. It is impossible to determine with precision how much money the defendant made at the expense of the minor victim. The minor victim and the defendant were living in an abandoned house and a motel for much of their time together. They were not keeping a ledger or otherwise documenting in writing how many dates that the minor victim went on and how much money the minor victim earned. For these reasons, the Court may accept a reasonable estimate of the loss based on the evidence presented. *See United States v. Baldwin,* 774 F.3d 711, 728 (11th Cir. 2014) (citations omitted); *United States v. Furtrell,* 209 F.3d 1286 (11th Cir. 2000) (affirming restitution award and finding that a court may accept estimates and may reasonably approximate actual damages to a victim). Therefore, the government asks that the Court enter a restitution order in this case in the amount of $44,380.

Undersigned counsel has conferred with defense counsel, David Howard, and he has indicated that the defendant objects to the restitution amount.

          Respectfully submitted,

          ARIANA FAJARDO ORSHAN
          UNITED STATES ATTORNEY

By: /s/ *Jessica Kahn Obenauf*
     JESSICA KAHN OBENAUF
     Assistant United States Attorney
     Florida Bar No. 0052716
     U.S. Attorney's Office
     99 N.E. 4th Street
     Miami, FL 33132-2111
     Telephone: (305) 961-9317
     Email: jessica.obenauf@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on February 25, 2020.

>  /s/ *Jessica Kahn Obenauf*
> JESSICA KAHN OBENAUF
> Assistant United States Attorney